Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
**DONIGER / BURROUGHS**
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff
DR. MAX HATTLER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| DR. MAX HATTLER, an individual, | Case No.: |
|---|---|
| Plaintiff, | **COMPLAINT FOR**: |
| v. | 1. COPYRIGHT INFRINGEMENT |
| LORIN ASHTON, individually, and doing business as "BASSNECTAR"; and DOES 1-10, inclusive, | 2. VIOLATIONS OF CALIFORNIA CIVIL CODE § 987 |
| Defendants. | 3. VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. §1202) |
| | JURY TRIAL DEMANDED |

Plaintiff, DR. MAX HATTLER ("HATTLER"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

This case concerns the theft of original content by an electronic music performer named Lorin Ashton ("ASHTON") whose recorded and live[1] shows rely heavily on the exploitation of the work of visual artists. Plaintiff, HATTLER, a visual artist, brings this claim against ASHTON to seek redress for the unauthorized and unlawful misappropriation, performance, and exploitation of HATTLER's original imagery.

HATTLER is an artist, experimental filmmaker, and Assistant Professor at the City University of Hong Kong's School of Creative Media. Solo exhibitions and retrospectives of his work have been shown at Pinakothek der Moderne Munich, Tenderpixel London, Playgrounds Festival, and Lago Film Fest, among other venues. HATTLER has received various awards, such as Cannes Lions, Bradford Animation Festival, St. Louis Film Festival, London International Animation Festival, and several Visual Music Awards. He has performed his work live at an array of locations, including the Seoul Museum of Art, Reykjavik Visual Music, Re-New Festival Copenhagen, and the European Media Art Festival. HATTLER'S works of art include original pieces entitled "1923 aka Heaven" and "Sync."

ASHTON, an electronic dance music artist who performs under the moniker "Bassnectar," derives revenue and builds the value of his brand through performances of music accompanied by compelling visual and animated art, and the exhibition of these shows online and in other fora. In August 2013, a Bassnectar agent, acting on

---

[1] The term "live" is used loosely here, as, on information and belief, it is alleged that ASHTON's performance consists primarily of the pressing of buttons and twisting of knobs on an electronic or computer console.

ASHTON'S behalf, reached out to HATTLER regarding a request by ASHTON to incorporate HATTLER's original work into ASHTON's live performances. HATTLER declined, but ASHTON nevertheless incorporated portions of HATTLER's "Sync" and "1923 aka Heaven," into his performances, exhibiting and displaying both original and modified forms of HATTLER's work without a license or authorization.

ASHTON's illegal copying of HATTLER's content has unjustly enriched ASHTON, resulted in a diminution in the value of "1923 aka Heaven" and "Sync," and negatively impacted Plaintiff's ability to monetize his work. ASTHON's conduct, as described herein, violates the Copyright Act.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. HATTLER is a German citizen currently residing in Hong Kong.

5. Plaintiff is informed and believes and thereon alleges that Defendant ASHTON does business as "Bassnectar," is domiciled in California, and is doing business in California.

6. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or

1 otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**CLAIMS RELATED TO "1923 AKA HEAVEN" AND "SYNC"**

8. Plaintiff authored two original visual works entitled "1923 aka Heaven" and "Sync" (hereinafter referred to as the "Subject Works"). The Subject Works were published before the infringement at issue, and have been submitted for registration with the Copyright Office. And, per the Berne Implementation Act of 1988, the registration requirement is waived for the Subject Works.

9. On information and belief, Plaintiff alleges that ASHTON accessed and commercially published and exhibited original material from "1923 aka Heaven" and "Sync" without permission. ASHTON also published Plaintiff's work as part of his online marketing. Non-inclusive true and correct depictions of portions of the Subject Works and the corresponding unauthorized uses of the Subject Works are attached hereto as **Exhibit A**.

10. ASHTON had knowledge that the Subject Works were created and owned by HATTLER before ASHTON committed the infringement herein, making such infringement willful.

11. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants, and each of them, used, performed, published, and exhibited imagery that is identical, or substantially similar, to "1923 aka Heaven" and "Sync."

12. Plaintiff is informed and believes, and thereon alleges, that ASHTON and DOE Defendants organize, operate, and broadcast performances, concerts, and live shows and derive revenue in connection with the foregoing, and that those revenues are attributable in part to ASHTON's use of Plaintiff's Subject Works.

## FIRST CLAIM FOR RELIEF

(For Direct, Contributory, and Vicarious Copyright Infringement – Against all Defendants, and Each)

13. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

14. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Works, including, without limitation, through viewing the Subject Works on Plaintiff's website and elsewhere online.

15. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, used material that was copied from the Subject Works, and exploited said footage in various performances and exhibitions.

16. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating infringing and/or derivative works from the Subject Works and by performing the works that infringe

Plaintiff's rights in the Subject Works to the public, including without limitation, through live performances and online broadcasts.

17. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's rights by copying material from the Subject Works without Plaintiff's authorization or consent.

18. Defendants, and each of them, had the right and ability to supervise the infringing activity at issue herein, as well as a direct financial interest in such activities. Defendants, and each of them, consented to and took no steps to stop or address the infringement, rendering each of them liable for vicarious infringement.

19. Defendants, and each of them, with knowledge of the infringing activity at issue herein, induced, caused or materially contributed to the infringing conduct, rendering each of them liable for contributory infringement.

20. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

21. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Works. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Works in an amount to be established at trial.

22. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from certain defenses and profit analyses.

## SECOND CLAIM FOR RELIEF

(For Violations of California Civil Code § 987 – Against all Defendants, and Each)

23. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

24. Plaintiff is informed and believes and thereon alleges that Defendants willfully and intentionally defaced, mutilated, altered or destroyed, or authorized the mutilation, alteration or destruction of Plaintiff's original works of fine art by, inter alia, overlaying it with frog and other imagery, modifying the coloration, and removing elements from Plaintiff's work, and doing so without notice and in violation of Plaintiff's rights.

25. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are liable for the physical alteration or destruction of Plaintiff's fine art because Defendants, and each, had notice of Plaintiff's rights and consciously disregarded same.

26. By reason of the Defendants', and each of their, acts of destruction or alteration as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

27. Due to Defendants' acts of alteration and destruction as alleged herein, Plaintiff is entitled to injunctive relief, actual damages, punitive damages, reasonable attorneys' and expert witness fees, or any other relief which the court deems proper, under California Civil Code § 987(e), in an amount to be established at trial.

## THIRD CLAIM FOR RELIEF

(For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202 – Against all Defendants, and Each)

28. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

29. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, violated 17 U.S.C. §1202 *et seq.* by intentionally removing and/or altering the copyright management information on the copy of the Subject Work created by Defendants, and each ("Mislabeled Copy"), and distributing copyright management information for the Mislabeled Copy with knowledge that the copyright management information had been removed or altered without authority of the copyright owner or the law, and distributing and publicly displaying the Mislabeled Copy, knowing that copyright management information had been removed or altered without authority of the copyright owner or the law, and knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of any right under this title. In addition, certain of the Mislabeled Copies included alterations and manipulations by Defendants, and each of them, that appear to attribute or associate one or more of the Subject Works to ASHTON. These acts further violate §1202.

30. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly removed and altered the copyright management information on the Mislabeled Copy. A true and correct copy of certain exemplars of this unlawful manipulation is set forth in **Exhibit B** hereto.

31. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common

law and statutory damages and penalties, including in the form of Plaintiff's costs and attorneys' fees, pursuant to 17 USC § 1203 and other applicable law.

32. Plaintiff is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and Plaintiff resultantly seeks enhanced damage and penalties.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against all Defendants, and Each:

<u>With Respect to Each Claim for Relief:</u>

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyrights in the Subject Works, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Work from any performance, film, video, publication, network, or other forum owned, operated, or controlled by any Defendant.

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the Copyright Act and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

   d. That Plaintiff be awarded his costs and attorneys' fees as available under the Copyright Act, U.S.C. § 101 et seq., 17 U.S.C. §1203, and other applicable statutes;

   e. That Plaintiff be awarded general, punitive, and special damages available under California Civil Code § 987;

   f. That Plaintiff be awarded statutory damages and penalties under the statues set forth above;

   g. That Plaintiff be awarded pre-judgment interest as allowed by law;

   h. That Plaintiff be awarded the costs of this action; and

   i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: June 9, 2016     By:     */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
Justin M. Gomes, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff
DR. MAX HATTLER